IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02291-BNB

SIRRLOVE WILLIAMS,

    Applicant,

v.

WARDEN BRILL,
ASSISTANT WARDEN NEIL,
ASSISTANT WARDEN WILKERSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO DENVER [sic],

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 14 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Sirrlove Williams, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Williams has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 06CR6592. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On October 26, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 7, 2009, after being granted an extension of time, Respondents filed their pre-answer response alleging that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and that

Mr. Williams failed to exhaust state remedies. Applicant failed to reply to the pre-answer response within the time allowed, although he was given the chance to do so.

The Court must construe Mr. Williams' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application.

On December 3, 2007, Mr. Williams entered a guilty plea for one count of possession of a schedule II controlled substance over one gram, a class four felony. *See* pre-answer response, ex. A (register of actions) at 4. On January 22, 2008, he was sentenced to five years of probation. *See id.* at 4-5. He did not appeal directly from his conviction or sentence or initiate any postconviction proceedings.

On August 4, 2009, Mr. Williams' probation was revoked and the trial court resentenced him to six years in the DOC. *See id.* at 6. On September 16, 2009, he filed a notice of appeal. *See id.* According to the state register of actions, the appeal still is pending. *See id.* at 6-7.

On September 18, 2009, Mr. Williams submitted his original habeas corpus application to this Court, which filed the application on September 25, 2009. Mr. Williams asserts three claims that: (1) his attorney's ineffectiveness resulted in a violation of due process, cruel and unusual punishment, and a violation of equal protection of the law, (2) his right to be free from cruel and unusual punishment was violated when his probation officer ordered him to take experimental medication

without knowing how it would affect him, and (3) his right to equal protection of the law was violated because he could not have knowingly and willingly sold, distributed, and manufactured a controlled substance while under the influence of forced medication.

It is unclear from the record currently before the Court whether Mr. Williams raised his asserted claims as a federal constitutional claim in the state courts. He did not file a direct appeal from his conviction and sentence and, therefore, failed fairly to present on direct appeal the claims asserted in the instant action. Mr. Williams did appeal in a timely manner from the trial court's August 4, 2009, order resentencing him to six years in the DOC. However, that appeal currently is pending before the Colorado Court of Appeals. Therefore, even if he has raised before the state appeals court the claims he asserts here, he cannot have exhausted state remedies because his appeal is not yet concluded.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court,

3

either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Therefore, the application will be denied and the action dismissed for Mr. Williams' failure to exhaust state remedies before seeking federal court intervention. Because the action will be dismissed for failure to exhaust state remedies, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

4

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Sirrlove Williams, has not made a substantial showing of the denial of a constitutional right so that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claims have constitutional merit.

DATED at Denver, Colorado, this _13th_ day of _____January_____, 2010.

BY THE COURT:

_____
PHILIP A. BRIMMER,
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02291-BNB

Sirrlove R. Williams
Prisoner No. 83577
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/14/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk